**UNITED STATES of America,**

v.

**Muntu AKILI aka Darin A. Austin aka Darnell Wiggins Muntu Akili, Appellant.**

No. 01–4413.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) on Dec. 17, 2002.

Decided Dec. 18, 2002.

Before SLOVITER, RENDELL and GREENBERG, Circuit Judges.

## OPINION OF THE COURT

RENDELL, Circuit Judge.

In a pro se brief, Muntu Akili appeals his conviction for assault with a dangerous weapon with intent to do bodily harm and assault resulting in serious bodily injury. Specifically, he appeals the District Court's admission into evidence of a videotape of the crime scene, claiming it was unfairly prejudicial under Federal Rule of Evidence 403. We find that the District Court did not abuse its discretion in admitting the tape, and furthermore, that even if the admission were error, the error was harmless in light of the overwhelming evidence of Akili's guilt.

The District Court had jurisdiction under 18 U.S.C. § 3231 (2001), and we exercise jurisdiction pursuant to 28 U.S.C. § 1291 (2002). We review the District Court's decision to admit the videotape for abuse of discretion. *Government of the Virgin Islands v. Albert*, 241 F.3d 344, 347 (3d Cir.2001). We will not overturn that decision unless it was arbitrary or irrational. *Id.*

Akili was convicted of assault on Frank Garner, one of Akili's cell-mates at the McKean Federal Correctional Institution. According to testimony at trial, Akili attacked Garner with a hot water plumbing fixture from a drinking fountain. Garner received extensive injuries to his head and face. A videotape was made immediately after corrections officers arrived at the crime scene. The tape is approximately five minutes in length and depicts the cell and the drinking fountain area. The tape also shows some blood on the pillow where Garner was sleeping when attacked. Neither Garner nor Akili appears on the tape, and the audio commentary of the officers making the tape was turned off when it was shown during the trial.

■ We find that the District Court did not abuse its discretion in admitting the tape. Rule 403 allows the District Court to exclude relevant evidence whose probative value is substantially outweighed by the danger of unfair prejudice. After viewing the tape, the Court found that it was probative regarding the seriousness of Garner's injuries and not exceedingly inflammatory in light of *Albert*, in which we

affirmed the District Court's admission of a videotape that depicted a bloody crime scene and the victim's gruesome injuries. *Albert,* 241 F.3d at 349. This decision was neither arbitrary nor irrational.

Additionally, even if admission of the tape were error, there is such overwhelming evidence of Akili's guilt, including the testimony of Garner and the eyewitness account of Corrections Officer Pam Garcia, that any error was harmless. *See United States v. Pavelko,* 992 F.2d 32, 35 (3d Cir.1993).

Accordingly, we will affirm Akili's conviction.